IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Case Number: 1:23-cv-04717 (Judge Nancy L. Maldonado)

GS HOLISTIC, LLC,

        Plaintiff,

v.

JOHNNY VAPES, INC d/b/a
JOHNNY VAPES INC and AYAZ
AHMED,

        Defendants.
_____/

## AFFIDAVIT OF CHRISTOPHER FOLKERTS

BEFORE ME, the undersigned authority, personally appeared, Christopher Folkerts, (hereinafter referred to as the "AFFIANT"), who being duly sworn, deposes and says:

    1.    The AFFIANT is the owner and Chief Executive Officer of the Plaintiff, GS Holistic, LLC ("GS"), a California based company.

    2.    GS is the owner of three United States Trademarks related to their Stündenglass products.

    3.    Since 2020, when GS began marketing and selling products with the Stündenglass Trademarks on them, we have been dealing with a massive amount of counterfeit products being sold throughout the United States, including in stores in the State of Illinois.

    4.    The Stündenglass Trademarks are associated with high end, user-friendly glass infusers and related accessories, which are engineered as the most advanced and

1

user-friendly portable vaporizers in the world due to their innovation and technology.

5. In keeping with this superior standard, the sellers of Stündenglass products must be authorized retailers in order to sell genuine products.

6. On October 8, 2022, counterfeit products bearing the Stündenglass Trademarks registered to GS were sold by the Defendant store, facilitated by the Defendant store owner.

7. The store sold the fake product bearing the Stündenglass Marks for $417.96 when the actual sales price of the real product at retail is $599.95, which is deceptive and confusing to the buyer as the price point is almost identical.

8. The Defendant store owner, which is in the business of selling vaporizers and accessories, knew the price Stündenglass products, such as the one that was sold, and that the product the Defendants sold are of far inferior quality to the authentic Stündenglass.

9. GS has built a reputation within the industry throughout the United States based on the high quality of its products. Because of this goodwill and reputation, the Stündenglass Trademarks and GS in general have become famous.

10. The name Stündenglass and the Stündenglass Trademarks have earned a new meaning, as owning a Stündenglass product is considered among the best portable vaporizers available.

11. The Plaintiff, as well as the AFFIANT never consented to the Defendants selling goods that are not authentic (and that are inferior to) Stündenglass products, labeled with copies of the Stündenglass Trademarks.

12. The sale by the Defendants of fake Stündenglass products, creates a false

affiliation to GS and the Stündenglass, and creates confusion in the marketplace, and among consumers of Stündenglass products.

13. As a result, the elements described by the Court have been satisfied and statutory damages must be awarded.

14. Pursuant to The Lanham Act, 15 U.S.C. § 1117(c), in a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of — (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just;.

15. In this instant case, the Court should award $50,000.00 in statutory damages per trademark infringed, which in this case was three Trademarks, for a total of $150,000.00 in statutory damages.

16. The actions were done willfully, as the Defendants were well aware that the same product, that the Defendants sold, was of far superior quality yet sold for almost the exact retail price of an authentic Stündenglass.

17. The Defendant store is in the business of selling vaporizers and accessories and knows the actual value of an authentic Stündenglass product. Despite this knowledge, the Defendants willfully sold the fake product, for profit, while not purchasing real Stündenglass products from the Plaintiff.

18. As such, the Defendants have willfully infringed on the Plaintiff's Trademarks with the Registration Numbers 6,633,884, 6,174,292 and 6,174,291.

19. The amount of actual damages caused by the Defendants' actions are nearly impossible to determine, especially in cases of default where the Defendants have not appeared or participated in meaningful discovery.

20. The counterfeiting and infringing actions of the Defendants have caused the Plaintiff to suffer losses, as he has lost consumer good-will, loss of brand reputation, confusion in the marketplace, and lost profits based on the systematic sale of fake Stündenglass products.

21. The counterfeiting and infringing actions of the Defendants are rampant in this industry. The Defendants and others in the industry need to be deterred from continuing their counterfeiting and infringing conduct, justifying the Plaintiff's request for $150,000.00 in statutory damages.

**FURTHER SAYETH NAUGHT**

**THIS SPACE INTENTIONALLY LEFT BLANK**

Under penalties of perjury, I declare that I have read the foregoing affidavit and that the facts stated in it are true.

DocuSigned by:
_____
6170D827CEE1458...
CHRISTOPHER FOLKERTS

December 13, 2023
Date

COUNTY OF BROWARD    )
    )
STATE OF FLORIDA    )

Subscribed and sworn to and or affirmed before me this 13th day of December, 2023, by Christopher Folkerts, [X] who is personally known to me, or [ ] who has produced a driver's license as identification.

(Seal)

[Notary Seal: JOSE LUIS AVENDANO MARTINEZ, NOTARY PUBLIC, STATE OF FLORIDA, My Comm. Expires 1/26/2026, No. HH 220962]

_____
Signature of Notary
My Commission Expires: 1/26/26

5