UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-04628-SVW-AGR | Date | December 29, 2022 |
| Title | *GS Holistic, LLC v. One Stop Vape et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [36]

## I. INTRODUCTION

Before the Court is a motion for default judgment brought by Plaintiff GS Holistic, LLC ("Plaintiff"). ECF No. 36. The Clerk entered default as to Defendants One Stope Vape and Bizi Zheng on August 8, 2022, and September 7, 2022. ECF No. 34. Plaintiff now seeks an entry of default judgment against Defendants. ECF No 36. For the following reasons, Plaintiff's motion for default judgment against Defendants is GRANTED.

## II. BACKGROUND

According to the Complaint, Plaintiff is the exclusive owner of three federal registered trademarks (the "Marks") for the Stündenglass brand. Compl. at ¶ 10. Since 2020, Plaintiff has worked to distinguish the Stündenglass brand as the premier manufacturer of glass infusers. The Stündenglass appear clearly on Plaintiff's Stündenglass Products, as well as on the packaging and advertisements related to the Products. *Id.* ¶ 15. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting these Marks. *Id.*

At the time the Complaint was filed, Plaintiff was the owner of the following list of trademarks (collectively, "Marks" or "Trademarks"):

a. U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 011.

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04628-SVW-AGR | Date | December 29, 2022 |
|---|---|---|---|
| Title | GS Holistic, LLC v. One Stop Vape et al | | |

b. U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in the registration in international class 034.

c. U.S. Trademark Registration Number 6,174,291 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 034.

*Id.* at ¶ 11.

Plaintiff's Stündenglass are recognized as being high quality, and Plaintiff has collaborated with numerous celebrities and companies to create collaborations for the Stündenglass products. *Id.* at ¶ 19. A Stündenglass brand glass infuser is priced at $599.95. *Id.* at ¶ 21.

Plaintiff alleges that Defendants, without Plaintiff's consent, sold goods that bore the Marks. *Id.* ¶¶ 25-27. Specifically on June 7, 2022, Defendants offered for sale three glass infusers with a Stündenglass Mark affixed to it for $150 each. *Id.* at ¶¶ 29-30. An investigator for the Plaintiff purchased this item and upon inspection, Plaintiff determined that the product was a counterfeit good. *Id.* at ¶¶ 30-31. Plaintiff further alleges that Defendants' infringement was willful. *Id.* at ¶ 43.

Based off these events Plaintiff files this instant action for (i) willful trademark infringement of the Stündenglass trademarks in violation of 15 U.S.C. §§ 1114; (ii) trademark counterfeiting of the Stündenglass trademarks in violation of 15 U.S.C. §§ 1116(d); and (iii) willful trademark infringement (false designation) in violation of 15 U.S.C. § 1125(a). *Id.* at ¶¶ 53-70. Defendants have failed to respond to the Complaint or otherwise appear in this action. Plaintiff now seeks a default judgment for statutory damages of $1,350,000 and costs in the amount of $1,482. Mot. at 1-2.

### III. MOTION FOR DEFAULT JUDGMENT

Courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th

|  | : |
|---|---|
|  | Initials of Preparer |
|  | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04628-SVW-AGR | Date | December 29, 2022 |
|---|---|---|---|

| Title | *GS Holistic, LLC v. One Stop Vape et al* |
|---|---|

Cir. 1986); *see also Elektra Ent. Grp., Inc. v. Bryant*, 2004 WL 783123, *1-2 (C.D. Cal. Feb. 13, 2004). Upon consideration of Plaintiff's complaint and the materials provided in support of Plaintiff's motion, the Court finds that the *Eitel* factors favor granting Plaintiff's motion.

### A. Merits of Plaintiff's Claims and Sufficiency of the Complaint

Together, the second and third *Eitel* factors test the allegations in the plaintiff's complaint and whether they state a claim on which the plaintiff may recover. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). In evaluating these factors, the well-pleaded allegations of the complaint are taken as admitted. *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986).

Plaintiff's motion for default judgment focuses on two claims: trademark counterfeiting and trademark infringement. To state a claim for trademark infringement or false designation of origin, Plaintiffs must establish that they own a "valid, protectable mark" and that Defendants are using a "confusingly similar mark." *See Grocery Outlet, Inc. v. Albertson's, Inc.*, 497 F.3d 949, 951 (9th Cir. 2007) (per curiam) (citing 15 U.S.C. § 1114(1)); *see also Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999); *AK Futures LLC v. Smoke Tokes, LLC*, 2021 WL 5359019, at *3 (C.D. Cal. Nov. 17, 2021) (false designation of origin claim analyzed using same elements as trademark infringement claim). "The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about the source of the products." *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902 (9th Cir. 2007) (quotations omitted).

The allegations in Plaintiff's complaint—which are taken as true—are sufficient to establish that both claims are meritorious. First, Plaintiff has shown that they own three valid, protectable marks—the Marks. Compl. at ¶ 11. *See Brookfield*, 174 F.3d at 1047 (holding that registration of a mark in the principal register of the USPTO is prima facie evidence of the validity of the registered mark and of plaintiff's exclusive right to use the mark on the goods and services specified in the registration).

Second, Plaintiff has shown that Defendants' use is likely to cause customer confusion. In counterfeiting cases, the Court assumes a likelihood of confusion when the offending mark is counterfeit or virtually identical to a protected mark and is used on an identical product or service. *See Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 945 (9th Cir. 2011); *Brookfield*, 174 F.3d at 1056 ("In light of the virtual identity of marks, if they were used with identical products or services likelihood of confusion would follow as a matter of course."). Here, Plaintiff alleges that Defendants

:
_____

Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04628-SVW-AGR | Date | December 29, 2022 |
|---|---|---|---|
| Title | GS Holistic, LLC v. One Stop Vape et al | | |

sold goods that bore the Marks, without Plaintiff's consent. *Id.* ¶¶ 25-27. Specifically on June 7, 2022, Defendants offered for sale three glass infusers with a Stündenglass Mark affixed to it for $150 each. *Id.* at ¶¶ 29-30. And an investigator for the Plaintiff purchased this item and upon inspection, Plaintiff determined that the product was a counterfeit good. Plaintiff further alleges that Defendants' infringement was willful. *Id.* at ¶¶ 30-31. These allegations, if true, are sufficient to demonstrate a likelihood of confusion. Accordingly, the second and third *Eitel* factors weigh in favor of granting the motion for default judgment.

### B. Remaining *Eitel* Factors

The Court now turns to the remaining *Eitel* factors, which also favor granting default judgment.

First, Plaintiff will suffer prejudice if the Court does not enter default judgment. Because Defendant has not appeared in this action, default judgment is the only way in which Plaintiff may obtain relief for the breach of contract. *See Colony Ins. Co. v. Schmid*, 2020 U.S. Dist. LEXIS 164505, *5 (C.D. Cal. Sep. 9, 2020). Without the entry of default judgment, Defendant will have escaped liability simply by not showing up. *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014). Therefore, this factor favors entry of default judgment.

Next, the Court must determine whether "the amount of money at stake [is] in relation to the seriousness of Defendant's conduct." *Eitel*, 782 F.2d at 1471-72. "Default judgments are disfavored where the sum of money requested is too large or unreasonable in relation to a defendant's conduct." *Constr. Laborers Trust Funds for S. Cal. Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1201 (C.D. Cal. 2018). Here, though damages are discussed further below, Plaintiff requests damages based on the amount permitted by statute and as described in its complaint. Therefore, this factor weighs in favor of granting default judgment.

The next factor, the possibility of disputed material facts, also favors entry of default judgment. After entry of default, "all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). Because Defendant has not made any appearance in this case to contest any of the issues or assert any defenses, it

:

_____

Initials of Preparer

PMC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04628-SVW-AGR | Date | December 29, 2022 |
|---|---|---|---|

| Title | *GS Holistic, LLC v. One Stop Vape et al* |
|---|---|

is very unlikely that disputes as to material fact will arise. *See e.g., Colony Ins. Co.*, 2020 U.S. Dist. LEXIS at *11. Therefore, this factor also weighs in favors of entry of default judgment.

Next, the Court must determine whether the Defendant's default is a product of excusable neglect. *Eitel*, 782 F.2d at 1472. This factor favors the entry of default judgment where Plaintiff demonstrates that Defendant has been properly served and is thus aware of the pending action. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Here, Plaintiff has properly showed that Defendant was properly served. ECF Nos. 24, 25, 31, 32.

Lastly, the final *Eitel* factor advises that "[c]ases should be decided upon their merits whenever reasonably possible." 728 F.2d at 1472. However, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Thus, this preference is not dispositive of entering default judgment when the other *Eitel* factors favor such, as is the case here. *See id.*

Because Defendant has failed to appear in Court to defend the action, and because the *Eitel* factors strongly favor such a decision despite the policy favoring merits judgments, the Court concludes that default judgment is warranted here.[1]

## IV. REMEDIES

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). While Fed. R. Civ. P. 55 gives courts "considerable leeway" in determining what is required for an entry of default judgment, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 97-918 (9th Cir. 1987) (citation omitted).

Under the Lanham Act, plaintiffs may recover statutory damages "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). Where a defendant's conduct is willful, the court may

---

[1] The Court also concludes that Plaintiff has complied with the procedural requirements of Fed. R. Civ. P. 55(a) and 54(c) and Local Rule 55-1, as required for entry of a default judgment. *See* ECF Nos. 24, 25, 31, 32, 34.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04628-SVW-AGR | Date | December 29, 2022 |
|---|---|---|---|
| Title | GS Holistic, LLC v. One Stop Vape et al | | |

grant enhanced statutory damages of "not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).

Although 15 U.S.C. § 1117(c) does not provide guidelines for determining an appropriate statutory damages award, courts faced with determining statutory damages under the Lanham Act have considered the following factors: (1) expenses saved and profits obtained by the infringing party; (2) revenues lost by the holder of the mark; (3) value of the mark; (4) the deterrent effect on the infringing party and other potential infringers; (5) whether the infringing conduct was willful; and (6) whether the infringing party has cooperated in providing information from which the financial benefit of the infringement can be calculated. *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1236 (E.D. Cal. 2008).

Here, Plaintiff seeks $50,000 per infringing trademark, for a total of $1,350,000 in statutory damages.[2] Plaintiff alleges that an investigator purchased three glass infusers with the Stündenglass mark affixed to it for $150 each. Compl. at ¶ 30. Plaintiff also contends that the retail price for authentic Stündenglass glass infuser pipes is approximately $600. *Id.* at ¶ 21.

From the evidence submitted to the Court, the extent of Defendants' counterfeiting is unclear. While Plaintiff contends that they estimate $38.3 million from lost sales in 2021, they do not estimate what amount is attributable to Defendant's conduct. Folkerts Aff. as to Value of Damages at ¶ 16. Aside from the three units that Plaintiff's investigator purchased, Plaintiff does not allege, specify, or attempt to approximate the number of infringing units sold. Plaintiff also did not submit evidence addressing the expenses saved and profits reaped by Defendant, or the revenues lost by Plaintiff, but this can be attributed by Defendants' lack of cooperation in the proceeding. Nonetheless, Plaintiffs have alleged that Defendants willfully infringed Plaintiff's mark. *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1101 (N.D. Cal. 2014) ("An allegation of willful trademark infringement is deemed true on default."). Moreover, Defendants have not cooperated in providing information from which the financial benefit of infringement can be calculated, since they have not appeared.

Based on the foregoing, the Court awards Plaintiff statutory damages of $25,000 per infringement. *Sream, Inc. v. Andy's Smoke Shop, Inc.*, No. 18CV1676-MMA (RBB), 2018 WL 5279130, at *6 (S.D. Cal. Oct. 23, 2018) (awarding $25,000 in statutory damages on evidence of one counterfeit product); *Sream, Inc. v. Lavinga*, No. ED CV16-00806-JAK (KKx), 2016 U.S. Dist. LEXIS

---

[2] In their motion, Plaintiff contends that Defendants sold 9 products bearing Plaintiff's three marks.

| | : |
|---|---|
| | Initials of Preparer |
| | PMC |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04628-SVW-AGR | Date | December 29, 2022 |
|---|---|---|---|
| Title | *GS Holistic, LLC v. One Stop Vape et al* | | |

106540, at *17-19 (C.D. Cal. Aug. 10, 2016) (same). Accordingly, the Court awards a total of $225,000 based on the sale of three counterfeit goods, bearing three infringing marks each.[3]

The Court also awards $1,482 in costs incurred in pursuing a default judgment.

## V. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion for default judgment. Defendant is ORDERED to pay Plaintiff $225,000 in statutory damages, as well as $1,482 in costs.

**IT IS SO ORDERED.**

---

[3] Neither Plaintiff's complaint nor affidavits state that Defendants sold 9 products bearing Plaintiff's Marks. Thus, Plaintiff has failed to provide evidence or allegations supporting this assertion in their motion. Accordingly, the Court will only award statutory damages as to the three infringing units that Plaintiff's investigator purchased.

Initials of Preparer  PMC